UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Ronnie Moore, ) | CASE NO. 1:14 CV 1266 |
| ) | |
| Plaintiff, ) | JUDGE PATRICIA A. GAUGHAN |
| ) | |
| v. ) | |
| ) | **Memorandum of Opinion and Order** |
| Child Support Enforcement Agency, ) | |
| ) | |
| Defendant. ) | |

**INTRODUCTION**

*Pro se* Plaintiff Ronnie Moore brings this action, in Admiralty, under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and §2671, against the Cuyahoga County Child Support Enforcement Agency nka Cuyahoga County Job and Family Services. In the Complaint, Plaintiff claims the Defendant engaged in fraud, securities fraud, and mail fraud. He indicates the FTCA provides a basis for relief because he was injured by the actions of state government officials. He seeks monetary damages.

Plaintiff also filed an Application to Proceed *In Forma Pauperis*. (ECF No. 2). That Application is granted.

Defendant filed a Motion to Dismiss and Motion for Order Prohibiting Litigant from Filing New Litigation Without Leave of Court. (ECF No. 3). In the Motion, Defendant contends Plaintiff's Complaint fails to meet the basic pleading standards of Federal Civil Procedure Rule 8 because it is based entirely on legal conclusions. Defendant also indicates Plaintiff filed four previous actions which were dismissed before trial. For the reasons set forth

below, the Motion to Dismiss is **GRANTED**, the Motion for Order Prohibiting Litigant from Filing New Litigation Without Leave of Court is **DENIED**, and this action is dismissed.

## BACKGROUND

Plaintiff's Complaint is very brief. He claims he is charging the Defendant with securities fraud for engaging in an illegal and unlawful activity to steal his person property and his wages. He contends defendant did not establish jurisdiction to collect his funds and is in violation of the Ohio Rules of Civil Procedure, the Ohio Constitution, the United States Constitution and the Federal Tort Claims Act.

## STANDARD OF REVIEW

When deciding a Motion to Dismiss under Federal Civil Rule 12(b)(6), the function of the Court is to test the legal sufficiency of the Complaint. *See Mayer v. Mulod*, 988 F.2d 635, 638 (6th Cir. 1993). The Supreme Court in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) and recently in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) clarified the law regarding what the Plaintiff must plead in order to survive a Motion to Dismiss under Rule 12(b)(6).

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. The Plaintiff's obligation to provide the grounds for relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. Although a Complaint need not contain detailed factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the

allegations in the Complaint are true." *Id*. The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

The Court in *Iqbal*, 556 U.S. at 677-78 , further explains the "plausibility" requirement, stating that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the Court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Furthermore, "the plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a Defendant acted unlawfully." *Id*. This determination is a "context-specific task that requires the reviewing Court to draw on its judicial experience and common sense." *Id.*

The Sixth Circuit has held that a Court may consider allegations contained in the Complaint, as well as exhibits attached to or otherwise incorporated in the Complaint, all without converting a Motion to Dismiss to a Motion for Summary Judgment. FED. R. Civ. P. 10(c); *Weiner v. Klais & Co.*, 108 F.3d 86, 89 (6th Cir. 1997).

**DISCUSSION**

Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Instead, they have only the authority to decide cases that the Constitution and Congress have empowered them to resolve. *Id.* Consequently, "[i]t is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (internal citation omitted).

Generally speaking, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises

a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). The first type of federal jurisdiction, diversity of citizenship, is applicable to cases of sufficient value between "citizens of different states." 28 U.S.C. § 1332(a)(1). To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). The second type of federal jurisdiction relies on the presence of a federal question. This type of jurisdiction arises where a "well-pleaded Complaint establishes either that federal law creates the cause of action or that the Plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

Diversity of citizenship does not exist in this case. Plaintiff lists his address as Maple Heights, Ohio. The Defendant is a Cuyahoga County, Ohio agency. A Plaintiff in federal court has the burden of pleading sufficient facts to support the existence of the Court's jurisdiction. FED.R.CIV.P. 8. In a diversity action, the Plaintiff must state the citizenship of all parties so that the existence of complete diversity can be confirmed. *Washington v. Sulzer Orthopedics, Inc.,* No. 03-3350, 2003 WL 22146143, at *1 (6th Cir. Sept. 16, 2003). The Complaint, as written, suggests that the Plaintiff and Defendant are both citizens of Ohio. Federal subject matter jurisdiction cannot be based on diversity of citizenship.

If federal jurisdiction exists in this case, it must be based on a claimed violation of federal law. In determining whether a claim arises under federal law, the Court looks only to the "well-pleaded allegations of the Complaint and ignores potential defenses" Defendant may raise. *Mikulski v. Centerior Energy Corp.*, 501 F.3d 555, 560 (6th Cir. 2007). Although the well-pleaded-Complaint rule focuses on what Plaintiff alleges, it allows the Court to look past

the words of the Complaint to determine whether the allegations ultimately involve a federal question. *Ohio ex rel. Skaggs*, 549 F.3d at 475. In addition to causes of action expressly created by federal law, federal-question jurisdiction also reaches ostensible state-law claims that: (1) necessarily depend on a substantial and disputed federal issue, (2) are completely preempted by federal law or (3) are truly federal-law claims in disguise. *See Mikulski*, 501 F.3d at 560; *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007).

Here, Plaintiff is proceeding *pro se* and *pro se* plaintiffs enjoy the benefit of a liberal construction of their pleadings and filings. *Boswell v. Mayer*, 169 F.3d 384, 387 (6th Cir. 1999). Indeed, this standard of liberal construction "requires active interpretation ... to construe a *pro se* petition 'to encompass any allegation stating federal relief.'" *Haines*, 404 U.S. at 520. Even with that liberal construction, however, Plaintiff failed to properly identify a viable federal question in this case.

Plaintiff indicates he is asserting a claim under the Federal Tort Claims Act. The Federal Tort Claims Act provides the exclusive jurisdictional basis for tort claims against the United States for actions committed by federal employees acting in the scope of their employment. 28 U.S.C. §§ 2671-2680. In this case, the Defendant is a Cuyahoga County agency, not an agency of the federal government. The Federal Tort Claims Act does not provide a cause of action against a local government agency.

In addition, Plaintiff claims the Defendant violated provisions of the Ohio Rules of Civil Procedure and the Ohio Constitution. Ohio law cannot form the basis of federal question jurisdiction.

Plaintiff indicates in a general manner that he is asserting a claim for denial of due process and "various Constitutional violations." He, however, provides no facts to describe the

actions of the Defendant that Plaintiff believes to have denied him due process.  These claims are stated entirely as legal conclusions.  Legal conclusions are not sufficient to state a claim upon which relief may be granted.  *Iqbal*, 556 U.S. at 678.

Plaintiff's attempt to invoke admiralty jurisdiction is without merit.  The Constitution extends federal judicial power "to all Cases of admiralty and maritime Jurisdiction." U.S. Const. art. III, § 2.  Congress also has vested federal district courts with original jurisdiction over all civil admiralty and maritime cases. See 28 U.S.C. § 1333(1).  However, admiralty is a limited jurisdiction, and requires a claim with a factual connection to navigable waters.  *Kossick v. United Fruit Co.*, 365 U.S. 731, 736 (1961).  At best, this case appears to be a dispute concerning the Defendant's authority to collect child support payments from Plaintiff's wages.  There is no suggestion of a claim pertaining to navigable waters.

Finally, the Defendant asks this Court to permanently enjoin the Plaintiff from filing any new actions without first obtaining leave of court.  While Plaintiff failed to establish a basis for federal court jurisdiction over what appears to be a state child support matter, it is not necessary to impose the harsh sanction of permanently enjoining him from filing any new cases.  This sanction is used to address litigants who repeatedly file documents which are clearly designed to harass the Court or opposing counsel.

Plaintiff filed four prior actions in this Court, each against a different Defendant.  This is his first case against Cuyahoga County or the Child Support Enforcement Agency.  One of those cases, *Moore v. University Hospital Cleveland Medical Center*, No. 1:11 CV 508 (N.D. Ohio Nov. 15, 2011) was dismissed on summary judgment.  The second case, *Moore v. Household Realty Corp.*, No 1:11 CV 2334 (N.D. Ohio Jan. 9, 2012), was dismissed on the Defendant's Motion to Dismiss.  While his third and fourth cases, *Moore v. City of Garfield Heights*, No.

1:12 CV 1700 (N.D. Ohio Nov. 19, 2012) and *Moore v. Anchor Medical Staffing Inc*., No. 1:14 CV 314 (N.D. Ohio Apr. 23, 2014) were dismissed pursuant to 28 U.S.C. § 1915(e) for failing to state a claim, they were not deemed to be filed in bad faith for the sole purpose of harassing the Defendants in those cases or the Court. While Plaintiff could be enjoined at some point in the future if the Court determines he is filing vexatious and harassing documents, that sanction is not warranted here.

## **CONCLUSION**

Accordingly, Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 2) is granted, Defendant's Motion to Dismiss (ECF No. 3) is granted and Defendant's Motion for Order Prohibiting Litigant from Filing New Litigation Without Leave of Court (ECF No. 3) is denied. Plaintiff's Motion to Dismiss Defendant's Motion to Dismiss (ECF No. 4), his Motion for Declaratory Judgment (ECF No. 5) and his Motion to Strike Defendant's Opposition Memorandum (ECF No. 10) are denied. This action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
Dated: 11/10/14                         United States District Judge